CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
HILARIO GARCIA, *individually and on behalf of others similarly situated,*

                *Plaintiff,*

-against-

706 9TH AVE. LIQUORS, INC. (D/B/A LIBERTY FINE WINES & SPIRITS) and GURPREET SINGH AKA RICKY,

                *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Hilario Garcia ("Plaintiff Garcia" or "Mr. Garcia"), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge and belief, and as against 706 9th Ave. Liquors, Inc. (d/b/a Liberty Fine Wines & Spirits), ("Defendant Corporation") and Gurpreet Singh aka Ricky, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1. Plaintiff Garcia is a former employee of Defendants 706 9th Ave. Liquors, Inc. (d/b/a Liberty Fine Wines & Spirits) and Gurpreet Singh aka Ricky.

2. Defendants own, operate, or control a liquor store, located at 706 9th Avenue, New York, NY 10019 under the name "Liberty Fine Wines & Spirits".

3. Upon information and belief, individual Defendant Gurpreet Singh aka Ricky, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the liquor store as a joint or unified enterprise.

4. Plaintiff Garcia was employed as a stock worker and a delivery worker at the liquor store located at 706 9th Avenue, New York, NY 10019.

5. Plaintiff Garcia was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to stocking merchandise (hereafter the "non-tipped duties").

6. At all times relevant to this Complaint, Plaintiff Garcia worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Garcia appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. Defendants employed and accounted for Plaintiff Garcia as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

9. However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Garcia's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day. 12 N.Y. C.R.R. §146.

10. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Garcia's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Garcia at

the minimum wage rate and enabled them to pay him at the tip-credit rate (which they still failed to do).

11. In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Garcia's and other tipped employees' tips and made unlawful deductions from Plaintiff Garcia's and other tipped employees' wages.

12. Defendants' conduct extended beyond Plaintiff Garcia to all other similarly situated employees.

13. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Garcia and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

14. Plaintiff Garcia now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

15. Plaintiff Garcia seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Garcia's state law claims under 28 U.S.C. § 1367(a).

17. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district,

Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a liquor store located in this district. Further, Plaintiff Garcia was employed by Defendants in this district.

## PARTIES

*Plaintiff*

18. Plaintiff Hilario Garcia ("Plaintiff Garcia" or "Mr. Garcia") is an adult individual residing in Bronx County, New York.

19. Plaintiff Garcia was employed by Defendants at Liberty Fine Wines & Spirits from approximately February 2021 until on or about December 30, 2022.

20. Plaintiff Garcia consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

21. At all relevant times, Defendants owned, operated, or controlled a liquor store, located at 706 9th Avenue, New York, NY 10019, under the name "Liberty Fine Wines & Spirits".

22. Upon information and belief, 706 9th Ave. Liquors, Inc. (d/b/a Liberty Fine Wines & Spirits) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 706 9th Avenue, New York, NY 10019.

23. Defendant Gurpreet Singh aka Ricky is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Gurpreet Singh aka Ricky is sued individually in his capacity as a manager of Defendant Corporation. Defendant Gurpreet Singh aka Ricky possesses operational control over Defendant Corporation and controls

significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Garcia, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

24. Defendants operate a liquor store located in the Midtown West section of Manhattan.

25. Individual Defendant, Gurpreet Singh aka Ricky, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, or controls significant functions of Defendant Corporation.

26. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27. Each Defendant possessed substantial control over Plaintiff Garcia's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Garcia, and all similarly situated individuals, referred to herein.

28. Defendants jointly employed Plaintiff Garcia (and all similarly situated employees) and are Plaintiff Garcia's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

29. In the alternative, Defendants constitute a single employer of Plaintiff Garcia and/or similarly situated individuals.

30. Upon information and belief, Individual Defendant operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

31. At all relevant times, Defendants were Plaintiff Garcia's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Garcia, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Garcia's services.

32. In each year from 2021 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the liquor store on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

34. Plaintiff Garcia is a former employee of Defendants who ostensibly was employed as a stock worker and a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

35. Plaintiff Garcia seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Hilario Garcia*

36. Plaintiff Garcia was employed by Defendants from approximately February 2021 until on or about December 30, 2022.

37. Defendants employed Plaintiff Garcia as a stock worker and a delivery worker.

38. However, Plaintiff Garcia was also required to spend over 20% of each day performing non-tipped work throughout his employment with Defendants.

39. Plaintiff Garcia regularly handled goods in interstate commerce, such as alcoholic beverages and other supplies produced outside the State of New York.

40. Plaintiff Garcia's work duties required neither discretion nor independent judgment.

41. Throughout his employment with Defendants, Plaintiff Garcia regularly worked in excess of 40 hours per week.

42. From approximately February 2021 until on or about August 2022, Plaintiff Garcia worked from approximately 11:00 a.m. until on or about 11:00 p.m., 6 days a week (typically 72 hours per week).

43. From approximately March 2022 until on or about December 30, 2022, Plaintiff Garcia worked from approximately 12:00 p.m. until on or about 12:00 a.m., 6 days a week (typically 72 hours per week).

44. Throughout his employment, Defendants paid Plaintiff Garcia his wages in cash.

45. From approximately February 2021 until on or about April 2021, Defendants paid Plaintiff Garcia a fixed salary of approximately $864 per week.

46. From approximately May 2021 until on or about December 2021, Defendants paid Plaintiff Garcia a fixed salary of approximately $936 per week.

47. From approximately January 2022 until on or about December 2022, Defendants paid Plaintiff Garcia a fixed salary of approximately $1,080 per week.

48. Plaintiff Garcia's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

49. For example, Defendants required Plaintiff Garcia to work an additional 30 minutes past his scheduled departure time regularly, and did not pay him for the additional time he worked.

50. Defendants never granted Plaintiff Garcia any breaks or meal periods of any kind.

51. Plaintiff Garcia was never notified by Defendants that his tips were being included as an offset for wages.

52. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Garcia's wages.

53. Defendants withheld a portion of Plaintiff Garcia's tips; specifically, and upon information and belief, Defendants pocketed all tips customers would send him through the delivery app.

54. Plaintiff Garcia was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

55. On a number of occasions, Defendants required Plaintiff Garcia to sign a document, the contents of which he was not allowed to review in detail nor was it translated in his native language, Spanish.

56. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Garcia regarding overtime and wages under the FLSA and NYLL.

57. Defendants did not provide Plaintiff Garcia an accurate statement of wages, as required by NYLL 195(3).

58. Defendants did not give any notice to Plaintiff Garcia, in English and in Spanish (Plaintiff Garcia's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

59. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Garcia (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

60. Plaintiff Garcia was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

61. Defendants habitually required Plaintiff Garcia to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

62. Defendants required Plaintiff Garcia and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

63. Plaintiff Garcia and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

64. Plaintiff Garcia's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general liquor store work with duties, including the non-tipped duties described above.

65. However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Garcia's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

66. New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

67. Defendants failed to inform Plaintiff Garcia who received tips that Defendants intended to take a deduction against Plaintiff Garcia's earned wages for tip income, as required by the NYLL before any deduction may be taken.

68. Defendants failed to inform Plaintiff Garcia who received tips, that his tips were being credited towards the payment of the minimum wage.

69. Defendants failed to maintain a record of tips earned by Plaintiff Garcia who worked as a delivery worker for the tips he received. Defendants' time keeping system did not reflect the actual hours that Plaintiff Garcia worked.

70. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Garcia who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving delivery workers of a portion of the tips earned during the course of employment.

71. Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

72. Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

73. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

74. On a number of occasions, Defendants required Plaintiff Garcia to sign a document the contents of which he was not allowed to review in detail. Defendants paid Plaintiff Garcia his wages in cash.

75. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

76. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Garcia (and similarly situated individuals) worked, and to avoid paying Plaintiff Garcia properly for his full hours worked.

77. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

78. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Garcia and other similarly situated former workers.

79. Defendants failed to provide Plaintiff Garcia and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

80. Defendants failed to provide Plaintiff Garcia and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

81. Plaintiff Garcia brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

82. At all relevant times, Plaintiff Garcia and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

83. The claims of Plaintiff Garcia stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

84. Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

85. At all times relevant to this action, Defendants were Plaintiff Garcia's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Garcia (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

86. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

87. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

88. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Garcia (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

89. Defendants' failure to pay Plaintiff Garcia (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

90. Plaintiff Garcia (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

91. Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

92. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Garcia overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

93. Defendants' failure to pay Plaintiff Garcia overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

94. Plaintiff Garcia was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

95.     Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

96.     Defendants failed to provide Plaintiff Garcia with a written notice, in English and in Spanish (Plaintiff Garcia's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

97.     Defendants are liable to Plaintiff Garcia in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

98.     Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

99.     With each payment of wages, Defendants failed to provide Plaintiff Garcia with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay

and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

100. Defendants are liable to Plaintiff Garcia in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION OF THE NEW YORK LABOR LAW

101. Plaintiff Garcia repeats and realleges all paragraphs above as though fully set forth herein.

102. At all relevant times, Defendants were Plaintiff Garcia's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

103. New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

104. Defendants unlawfully misappropriated a portion of Plaintiff Garcia's tips that were received from customers.

105. Defendants knowingly and intentionally retained a portion of Plaintiff Garcia's tips in violations of the NYLL and supporting Department of Labor Regulations.

106. Plaintiff Garcia was damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Garcia respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Garcia and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Garcia's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Garcia and the FLSA Class members;

(e) Awarding Plaintiff Garcia and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Garcia and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Garcia;

(h)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Garcia's compensation, hours, wages and any deductions or credits taken against wages;

(i)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Garcia;

(j)     Awarding Plaintiff Garcia damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(k)     Awarding Plaintiff Garcia damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)     Awarding Plaintiff Garcia liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)     Awarding Plaintiff Garcia and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n)     Awarding Plaintiff Garcia and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Garcia demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

March 24, 2023

                              CSM LEGAL, P.C

By:     /s/ Catalina Sojo, Esq.
       Catalina Sojo [CS-5779517]
       60 East 42nd Street, Suite 4510
       New York, New York 10165
       Telephone: (212) 317-1200
       Facsimile: (212) 317-1620
       *Attorneys for Plaintiff*

# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

catalina@csmlegal.com

January 17, 2023

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Hilario Garcia

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:                 *[signature]*

Date / Fecha:                      17 de enero 2023

*Certified as a minority-owned business in the State of New York*